## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LOGAN S. SEGER,**

          **Petitioner,**

**v.**

**ILLINOIS DEPARTMENT OF
HUMAN SERVICES, et al.,**

          **Respondent.**

**Case No. 24-CV-01368-SPM**

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Petitioner Logan S. Seger is a state defendant presently housed at Alton Mental Health Center in Illinois. (*See* Doc. 1, p. 1). He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his placement in a mental health facility for restoration of competency to stand trial in a state criminal case in St. Clair County, Illinois. (*Id.*); *see People v. Seger*, 23-CF-613 (Ill. Cir. Ct.). Seger requests for his competency to be restored, for all charges against him to be dropped, and to be released from confinement. (*See* Doc. 1, p. 9). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.*

Although Seger has neither paid the filing fee nor filed a properly formatted motion for leave to proceed *in forma pauperis* in this case, the Court will conduct

preliminary review of his Petition in the interest of judicial economy.

Notably, this is the third time since April 2024 that Petitioner Seger has filed a § 2241 petition in this District addressing his pretrial confinement for his state charges. *See Seger v. Illinois Department of Human Services*, No. 24-cv-01226-SPM (filed May 6, 2024, dismissed May 8, 2024); *Seger v. State of Illinois Department of Human Services*, No. 24-cv-1057-SMY (filed April 8, 2024, dismissed May 13, 2024). Both this Court and District Judge Yandle came to the conclusion that Seger's prior petitions must be dismissed for failure to exhaust state remedies. *See* No. 24-cv-01226-SPM (Doc. 4); No. 24-cv-1057-SMY (Doc. 5). The instant Petition concerns the same factual predicate, utilizes the same arguments, and once again fails to provide any evidence indicating that Petitioner Seger has exhausted the state remedies available to him. (*See* Doc. 1); *see also* No. 24-cv-01226-SPM (Doc. 4); No. 24-cv-1057-SMY (Doc. 5).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Therefore, the instant Petition must be dismissed for the same reasons that Seger's petitions in cases 24-cv-01226-SPM and 24-cv-1057-SMY were dismissed. *See* No. 24-cv-01226-SPM (Doc. 4); No. 24-cv-1057-SMY (Doc. 5).

## Conclusion

For the reasons set forth above, Logan S. Seger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** for failure to exhaust state remedies. The Clerk of

Court is **DIRECTED** to close this case on the Court's docket.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Seger has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:   May 28, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**